## BROWN *v.* MISSISSIPPI CENT. R. Co. *et al.**

(Division B. Sept. 27, 1926.   Suggestion of Error Overruled Oct. 25, 1926.)

[109 So. 796.   No. 25527.]

1.  PLEADING.

    In determining whether declaration sufficiently states cause of action, it is to be considered as a whole.

2.  CARRIERS.   *Declaration against two railroad companies for injury to passenger on train of one when derailed by obstructions on connecting track as to use of which companies were in litigation and violent dispute, held to state joint cause of action against both.*

    Declaration in action against two railroad companies for injury to passenger on train of one derailed on track connecting their main lines as to use of which they were in litigation and dispute, accompanied by violence, *held* to state cause of action against the two; the acts of one company in wrongfully obstructing the track and that of the other in wrongfully proceeding into the obstruction jointly contributing to the injury.

3.  ACTION.   *Declaration in single count of passenger against railroad company for injury from derailment when train was wrongfully run into obstruction held to state only one cause of action.*

    Declaration against railroad company for injury to passenger and delay in transportation from derailment of train wrongfully run into obstruction *held* not to charge two inconsistent causes of action in one count; there being but one cause of action, and that growing out of breach of duty to safely transport passenger.

ON SUGGESTION OF ERROR.

4.  PLEADING.

    Notwithstanding defect of form, declaration is sufficient under Hemingway's Code, section 512 (Code 1906, section 729), if facts stated therein constitute cause of action.

*Corpus Juris-Cyc. References: Actions, 1CJ, p. 1056, n. 68, 69; p. 1063, n. 49.   Carriers, 10CJ, p. 883, n. 97; p. 1001, n. 21.   Pleading, 31 Cyc, p. 79, n. 4; p. 83, n. 16; p. 102, n. 98.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Action by C. H. Brown against the Mississippi Central Railroad Company and another. From judgment sustaining demurrers to declaration, plaintiff appeals. Reversed and remanded.  .

*Currie & Currie,* for appellant.

I. The sole question is: Does the declaration contain sufficient matter of substance for the court to proceed upon the merits of the cause? See section 512, Hemingway's Code (section 729, Code of 1906); *Lamkin* v. *Nye,* 43 Miss. 241; *Coopwood* v. *McCandless,* 99 Miss. 364, 54 So. 1007; *Evans* v. *Miller,* 58 Miss. 120; *Alliance Trust Co.* v. *Nettleton Hardwood Co.,* 21 So. 396.

The rule is established and requires the citation of no authority that every fact well pleaded is admitted by a demurrer. The declaration in this case charges both by direct and affirmative allegations and in substance as a whole, that the trains of both of these railroad companies were on the spot in head-on collisions, due to the unlawful, willful and malicious conduct and acts of both of them at the time of the wreck of the train whereon the appellant was a passenger; and that the agents and servants of both of said railroad companies in charge of and operating their respective trains were on the ground at the time, engaged in a spirited and heated conflict for the supremacy, control and use of said track; and that the appellant received his injuries as a proximate and direct result thereof.

The facts are clearly pleaded in the declaration. The charges are clear, specific and direct. To read the declaration is to be fully informed as to the exact nature and character of the acts complained of and it is perfectly manifest that if the facts thus pleaded be true,

there can be no question of the liability of both of these defendants.

The declaration in this case sounds in tort against both of the defendants. For definitions of "tort" applicable here, see: *Galveston, H. & S. A. Ry. Co.* v. *Hennigan* (Tex.), 76 S. W. 452, 453; *Bigby* v *U. S.*, 23 Sup Ct. 468, 188 U. S. 400, 47 L. Ed. 519, Pollock, "Torts," 1, 19; *Western Union Tel Co.* v. *Ford*, 70 S. E. 65, 8 Ga. App. 514; *Welborn* v. *Dixon*, 49 S. E. 232, 70 S. C. 108, 3 Ann. Cas. 407, 26 Enc. of Law (1 Ed.), 72; Andrews Stephen's Pleading, 107; *Wolff* v. *Southern Ry. Co.*, 60 S. E. 569, 571, 1300 Ga. 251, citing *L. & N. Ry. Co.* v. *Spinks*, 30 S. E. 968, 104 Ga. 692; *Milledgeville Water Co.* v. *Fowler*, 58 S. E. 643, 129 Ga. 11; Black's Law Dictionary 1891, p. 1178.

There was in this case (1) a direct invasion of the legal rights of the appellant; (2) the infraction of public duty by both of the appellees; and the appellant as a proximate and direct result sustained damages for which both of the appellees are liable under the law.

The declaration in this case charged each and both of these railroad companies with the willful and malicious obstruction of these railroad tracks resulting directly and proximately in the injury of the appellant. Section 1075, Hemingway's Code (section 1341, Code of 1906); Section 1079, Hemingway's Code (section 1345, Code of 1906).

It is possible under the law as it is written for these two railroad companies to escape joint liability to the appellant in this case, under the allegations of the declaration, on the ground or theory that the action sounds *ex contractu* and not *ex delicto*.

It is purely an action in tort and under the allegations of the declaration the appellees are clearly jointly liable and there is no legal escape for them.

II. There was no misjoinder of defendants. The agents and servants of both of these railroad companies

were there on the ground at the time, each resisting the use of this track by the other. It was a violation of the law and gross negligence on the part of both of these railroad companies that then and there caused the derailment and wreck of the train which produced, proximately and directly, the injuries to the appellant.

The wrecking of this train with the consequent injuries to appellant was the proximate and direct result of the concurring and concurrent acts and conduct of these two railroad companies and their agents and servants then and there on the ground and in charge of and operating the trains of these companies. The declaration plainly so charges. *Chicago, R. I. & Pac. R. R. Co.* v. *Durand,* 65 Kan. 380, 69 Pac. 356; *Sternfels* v. *Metropolitan Street Ry. Co.,* 73 App. Div. 494, 77 N. Y. Supp. 309, which was affirmed in 174 N. Y. 512, 66 N. E. 1117; *Abb* v. *N. P. Ry. Co.,* 28 Wash. 428, 68 Pac. 954, 58 L. R. A. 293, 92 A. S. R. 864; *Field* v. *Spokane, Portland, etc., R. R. Co.,* 64 Wash. 445, 117 Pac. 228; *Matthews* v. *Delaware, L. & W. R. R. Co.,* 56 N. J. Law 34, 27 Atl. 919, 22 L. R. A. 261; *Tompkins* v. *Clay St. Hill Ry. Co. et al.,* 66 Cal. 163, 4 Pac. 1165; *Central Passenger Ry. Co.* v. *Kuhn,* 86 Ky. 578, 6 S. W. 441, 9 A. S. R. 309; *Cuddy* v. *Horn,* 46 Mich. 596, 10 N. W. 32, 41 Am. Rep. 179; *Carterville* v. *Cook,* 129 Ill. 152, 22 N. E. 14, 4 L. R. A. 721, 16 A. S. R. 248; *McDonald* v. *Louisville & C. R. R. Co.,* 47 La. Ann. 1440, 17 So. 873; *Stone* v. *Dickinson,* 87 Mass. (5 Allen) 29; *Northup et al.* v. *Eakes et al.* (Okla), 178 Pac. 266.

That the willful, malicious and unlawful acts and conduct of both of these appellees charged in the declaration, concurred in causing the derailment and wreck of the train and the consequent injury and damage to the appellant is too plain for discussion or doubt.

It has been held so many times by this court that different persons whose acts of negligence *concur* in producing an injury to a third person may be jointly sued.

330 Brown *v.* Miss. Cent. R. Co. [Sup. Ct.

Brief for Appellant. [144 Miss.

*Sawmill Construction Co.* v. *Bright, Broght* v. *Finkbine Lumber Co.,* 77 So. 316; *Waterman-Fouke Lbr. Co.* v. *Miles,* 99 So. 759.

III. There was no misjoinder of causes of action. The contentions of the demurrants in the courts below, in the argument of these demurrers, was that because the appellant purchased a. ticket from the Mississippi Central Railroad Company, his action against that company necessarily sounded in contract, and that because the Bonhomie & Hattiesburg Southern derailed and wrecked the train of the Mississippi Central Railroad Company whereon it was undertaking to carry its passengers, the appellant's action against the Bonhomie & Hattiesburg Southern necessarily sounded in tort, and that the two could not be joined. The authorities already cited are called to the attention of the court in its consideration of this question as they completely demolish this contention.

IV. The demurrants further contended that the damages sued for were too remote and that the measure of liability was not the same as to both of the appellees.

The elements of the damages sued for are (1) compensation for personal injuries inflicted upon the appellant; (2) compensation for the loss of permanent employment; (3) recovery of necessary expenses laid out as a proximate and direct result of the unlawful, willful and malicious acts and conduct of the appellees.

We assert that under the allegations of the declaration in this case and upon the law of this land applicable to the same that each and both of the appellees are liable to the appellant for all three of these elements of damage. 38 Cyc. 487; *Central of Georgia Ry. Co.* v. *Brown,* 113 Ga. 414; *Hawkesworth* v. *Thompson,* 98 Mass. 77; 38 Cyc., p. 490.

The unlawful, willful and malicious acts and conduct of both of the appellees complained of in the declaration

were unlawful (1) inherently, (2) at common law, (3). by statute in this state. *Scott* v. *Shepherd,* reported in Law Library-Putney, Vol. 4, Torts, Damages, Domestic Relations, p. 24—the "Squib" case. The court held in this famous case, "That wherever a man does an unlawful act, he is answerable for all of the consequences."

Such is the law in the United States and in the state of Mississippi to-day. Such is the law in every English speaking country where the common law and the common-law practice prevails.

*Hannah & Simrall,* for appellee, Mississippi Central Railroad Company.

Did the court err in sustaining the demurrers to the plaintiff's declaration? The greater part of the declaration, as well as the greater part of counsel's extended brief, may be disregarded insofar as this case is concerned because it is wholly irrelevent and without merit.

The declaration wholly and utterly fails to show that the antagonisms between the two railroad companies, appellees here, had anything whatever to do with the plaintiff's injury. If they were violating the criminal statutes of Mississippi as alleged in appellant's declaration and brief, his recourse is in the criminal court and not here.

Section 52, Hemingway's Code, provides that: "The declaration shall contain a statement of the facts constituting the 'cause of action.'" The fault with appellant's declaration is that it undertakes to state the facts constituting many actions: (a) A cause of action against the Mississippi Central Railroad Company on account of breach of contract resulting in the loss of a position; (b) a cause of action against the Mississippi Central Railroad Company because of breach of contract resulting in personal injury to the appellants; (c) a cause of action against the Mississippi Central Railroad Company

in tort resulting in plaintiff losing a position; (d) a cause of action against the Mississippi Central Railroad Company in tort resulting in personal injury to the appellant; (e) a cause of action against the Bonhomie & Hattiesburg Southern Railroad Company in tort resulting in loss of a contract of employment with appellant; (f) a cause of action against the Bonhomie & Hattiesburg Southern Railroad Company in tort resulting in personal injury to the appellant.

Our objection is not to the form of the action; but our objection is to the fact that the declaration not only undertakes to state five or six causes of action in one declaration but even in one count; and that some of these causes of action are *ex contractu* and some are *ex delicto.* This practice has been expressly and consistently condemned by this court. *Town of Hazlehurst* v. *Cumberland Tel. & Tel. Co.,* 83 Miss. 303, 35 So. 951; *I. C. R. R. Co.* v. *Abrams,* 84 Miss. 456, 36 So. 542; *Home Ins. Co.* v. *Tate Mercantile Co.,* 117 Miss. 760, 78 So. 709.

It is true that the plaintiff's declaration sounds in tort against the defendants; but it is equally true that it sounds in contract against the appellee, the Mississippi Central Railroad Company.

We have no particular quarrel with counsel about the authorities cited on the question of concurrent negligence. The only trouble is that his facts do not afford application. The plaintiff must not only show concurrent negligence, but he must show that he was injured as a result thereof, and this he has wholly failed to do.

This case should be affirmed.

*Stevens & Heidelberg,* for appellee, Bonhomie & Hattiesburg Southern Railroad Company.

There was no cause of action whatsoever stated as against the B. & H. S. Railroad Company. An examination of the declaration in this case discloses that there is

no allegation of any fact showing that the B. & H. S. Railroad Company was in any wise responsible for any of the supposed damages of the plaintiff. It should be borne in mind that it was the Mississippi Central Railroad Company that sold the ticket to the plaintiff and contracted to transport him safely to Mobile. It is not alleged in the declaration that the B. & H. S. Railroad Company had anything whatsoever to do with the sale of this ticket.

Paragraph 10 of the declaration is the only attempt to charge the facts in connection with what happened at the time when the train of the Mississippi Central Railroad Company was stopped on the switch described in the declaration. It charged that as the train on which the plaintiff was a passenger approached the switch, it was wrecked and thrown off of the track because the switch had been thrown and nailed and bolted or fastened in such manner that the train could not pass through it; but it does not charge that the switch was either thrown, nailed, bolted or fastened by the Bonhomie & Hattiesburg Southern Railroad Company; nor does it charge that this company had anything whatsoever to do with it. It charged further that club axes and other missiles were thrown under the wheels of said train and that the train was thus wrecked at the switch; but it does not charge that the B. & H. S. Railroad Company had anything to do with the throwing of the club axes and missiles and wrecking of the train.

This paragraph further charged that both defendants refused to remove the obstructions; but there is no fact charged which shows that the B. & H. S. Railroad Company was under any duty to remove the obstructions. It had not placed the obstructions there. It was not charged with having wrecked the car nor spiked the switch. It had a perfect right under the law to let its train stand on its own railroad and there is no fact

charged which shows that it was under the duty of moving this train.

*Green, Green & Potter* and *Paul B. Johnson,* also, for appellee, Bonhomie & Hattiesburg Southern Railroad Company.

*Appellant argued that the declaration stated a cause of action. It does not.* (a)  The suit is against two several separate defendants, and plaintiff must plead facts, not conclusions, and may not sue a number of defendants, aver facts in a general way, not inculpating directly any defendant, and then, at the hearing recover of that defendant shown by the evidence, not the pleadings, to be liable. *George* v. *Solomon,* 71 Miss. 173; *Bank* v. *Phillips,* 71 Miss. 54.

Plaintiff must state his cause of action.  There is no averment of any contract or contractual relation between Bonhomie and the Central under which the Central had a right to sell a ticket over the line of the Bonhomie. The declaration specifically avers that this line at the time was the subject of a contention, as the plaintiff saw when he arrived in this motor car at the scene.  It is very essential that plaintiff in order to recover should have averred as against the Bonhomie & Hattiesburg Southern Railroad Company—and this is the crux of the case and the averment was omitted consciously, that the Central had a right so to operate.  The thought of the plaintiff was that he would sue the Central and the Bonhomie and not take sides as to whether the Central was correct in its contention or the Bonhomie in its contention; but would, as a skilful pleader, state the injury, submit the matter to the jury, and let the defendants exculpate themselves if they might.  But prior to his right to go to the jury in this manner, he must, under the decisions in this state, specifically select the defendant liable and state as against that defendant facts which render that defend-

ant to him liable in the premises and that very thing this skilfully drawn declaration consciously refuses to do.

(b)    Before plaintiff can recover on a contract, he must aver the terms of the contract, and show privity between himself and the party of whose act he complains. Yet the plaintiff, although averring the law suit, involving fundamentally the right of the user, does not set forth that the Central had such right of user under the laws of the state of Mississippi and had such right at the time of the contract made between the plaintiff and the Central.

It was the duty of some one not to run a train into a head-on collision; and it is perfectly obvious that in so running either the defendant, Bonhomie, or the defendant, Central, violated the fundamental rights of the other; but in this cause while plaintiff avers the duty to operate under a co-ordinated system of dominion by one or the other, he is careful not to aver that this appellee was the one which was in the wrong. He dare not so aver.

There can be no liability imposed upon the Bonhomie, for it is not averred that the Bonhomie blocked the switch, nor that the club axes were thrown by the Bonhomie, nor did it do any other act which caused the wreck.

There is no distinction between railroad property and any other property when it comes to the question of the utilization of it by another railroad company. Such property is not charged with a public use in favor of another company. One railroad can enter upon the property of another only with the consent of such other; and failing to have such consent, becomes in so entering a trespasser. Under the Transportation Act the Interstate Commerce Commission can require one railroad to allow another railroad to use only its terminals, not its main lines. Furthermore, the Interstate Commerce Commission has exclusive jurisdiction over all junctions be-

tween railroads. *A. & V. Ry. Co.* v. *J. & E. R. R. Co.* U. S. Adv. Sh., June 15, 1926, 584, 70 L. Ed. ——. The total power of the United States is stated in *Dayton-Groose Creek R. R. Co.* v. *U. S.,* 263, 478, 68 L. Ed. 398.

(c) The derailment was that which gave plaintiff a cause of action, yet this court cannot read that declaration and allocate actionable responsibility therefor to Bonhomie. It had no contractual relation with plaintiff. It breached no contract that it had made; and no one is shown to have had a right to come on its tracks; and if such party who knowingly trespassed without rights may be removed with that force which is necessary and requisite to eject.

This declaration is a fishing bill, pure and simple, and an attempt to recover for something which did not in any wise occur. The things set up by the appellant are all speculative.

Argued orally by *Neil Currie,* for appellant, and *Garner W. Green,* for appellees.

Holden, P. J., delivered the opinion of the court.

The appellant, C. H. Brown, sued the appellees Mississippi Central Railroad Company and Bonhomie & Hattiesburg Southern Railroad Company for damages for personal injury and for the wrongful failure to safely transport him, without unnecessary delay, from Hattiesburg, Miss., to Mobile, Ala., as a passenger on a train of the Mississippi Central Railroad Company. From a judgment of the lower court sustaining demurrers to the declaration Brown appeals to this court.

The question presented for our decision is whether or not the declaration sufficiently charges a cause of action against the two railroad corporations, or against either one of them. The declaration is very inartistically drawn, and too lengthy to set out in full; and, in order to

ascertain whether it sufficiently charges a cause of action, it is necessary to consider all parts of it together and determine whether, as a whole, under our liberal statute on pleading, the defendants in the case should be required to plead to the action.

Very briefly stated, the declaration, in substance, charges that Brown purchased a ticket from the Mississippi Central Railroad, and embarked at Hattiesburg for transportation on one of its passenger trains for Mobile. In order to reach his point of destination, this passenger train had to go over a connecting junction track from the main line of the Mississippi Central Railroad to the main line of the Bonhomie & Hattiesburg Southern Railroad.

The passenger train of the Mississippi Central, with Brown as a passenger on it, proceeded over the connecting track, but this track at the point where it conjoins with the Bonhomie & Hattiesburg Southern Railroad was spiked down. A car seems to have been wrecked on the Bonhomie & Southern Railroad track at a point near the switch where the connecting track joins to the Bonhomie & Hattiesburg Southern main line.

There were at the time serious contentions and pending litigation between the two railroads as to which one had the right to use the Bonhomie & Hattiesburg Southern track; and the spiking of the switch on the connecting track and the wrecking of the car at that point were inferentially done by the Bonhomie & Hattiesburg Southern Railroad Company as a result of these contentions between the two railroads, which seem to have been accompanied by violence and force on the part of the employees of the two railroads at that particular point.

When the Mississippi Central train upon which Brown was a passenger reached the spiked switch of the connecting track where it joined the Bonhomie & Hattiesburg Southern track, it was derailed on account of the condition of the track, presumably due to the conduct of the Bonhomie & Hattiesburg Southern Railroad em-

144 Miss.—22.

ployees, who threw axes and tools under the Mississippi Central passenger train, and the result was that this passenger train was derailed, and Brown, a passenger, was personally injured thereby. He was compelled to abandon the train and pursue another railroad route, by way of the Coast, to Mobile, which resulted in delaying him in reaching Mobile, and caused him financial loss on account of this delay.

The declaration charges many other wrongful acts against the two railroads at the point where they connect, which, by reasonable inference, may be said to have been done by both railroads, which caused or contributed to the derailment of the passenger train upon which Brown was riding, resulting in his personal injury and unnecessary delay in reaching Mobile; but we deem it unnecessary to set out in detail all of the different wrongful acts charged to have caused the obstruction of the passenger train and the injury to Brown, but we have considered all of them together to test the point as to whether the declaration as a whole reasonably states a case against the two railroads.

The demurrer seems to have been sustained by the lower court on the ground that the declaration did not attempt to say which one of the railroads was at fault from a legal standpoint with reference to which one had the right to use the Bonhomie & Hattiesburg Southern track from Hattiesburg to Beaumont, a station on the Bonhomie & Hattiesburg Southern Railroad between Hattiesburg and Mobile.

It is contended by the Bonhomie & Hattiesburg Southern Railroad Company that the declaration fails to charge that its conduct was wrongful and caused the injury to Brown. To put it in different words, the Bonhomie & Hattiesburg Southern Railroad Company contends that no cause of action is stated against it on account of its conduct, and that therefore the demurrer was properly sustained as to it.

Sept., 1926]   Brown v. Miss. Cent. R. Co.          339

144 Miss.]                   Opinion of the Court.

The Mississippi Central Railroad Company urges the correctness of the judgment sustaining the demurrer as to it because the declaration does not sufficiently charge it with a tort, but that, if tort is sufficiently charged, then the demurrer should have been sustained, because the suit is in one count, and also charges a breach of the contract in failing to transport the passenger upon his ticket, and that the two causes of action are inconsistent, and cannot be pleaded in the same count.

It is our opinion that the lower court erred in sustaining the demurrers of the two railroad companies. We think the declaration is sufficient to charge joint liability on the part of the two railroads, for the reason that the acts and conduct of both jointly contributed to the injury of the passenger, Brown.

It was certainly the duty of the Mississippi Central to safely transport, without unnecessary delay, the passenger, Brown, from Hattiesburg to Mobile; and, when he purchased a ticket and embarked on one of its passenger trains, he was not charged with the knowledge of any dispute or violent contentions between the two railroads as to the use of the connecting track or the main line of the Bonhomie & Hattiesburg Southern Railroad Company. And when the Bonhomie & Hattiesburg Southern by its conduct obstructed the connecting track at the point where it joined with its main line, and thereby obstructed the Mississippi Central train, and caused it to be derailed, resulting in the injury to the passenger, Brown, it was guilty of a wrong, a joint wrong with the Mississippi Central Railroad Company, in that its conduct at the point where the connecting track joins with its main track endangered the safety of passengers on passenger trains entitled to use the connecting track under the laws of this state.

The latter railroad company was guilty of a wrong, for which it was liable to Brown, when it proceeded over the connecting track and ran into the spiked switch and

other wreckage there, causing the derailment of its train, and resulting in the personal injury to Brown. It should not have proceeded into this obstruction and thus endangered the passengers on its train.

So the declaration charges the fact to be that the wrongful and unlawful conduct of both of the railroad companies at that point caused Brown's injury and unnecessary delay; therefore we think the declaration sufficiently charges a cause of action against both railroads. It does not so far appear as to which railroad had the legal right to use the tracks; and neither the passenger, Brown, nor this court is concerned with this question at this time.

We do not think the declaration charges two inconsistent causes of action in one count, as contended by counsel for the Mississippi Central Railroad Company. The one cause of action grows out of the breach of duty on the part of the Mississippi Central in not safely transporting its passenger, Brown, from Hattiesburg to Mobile, and by proceeding into the spiked switch, and the Bonhomie & Hattiesburg Southern contributed to this wrong by its conduct at the point where the connecting track joins its main line by obstructing the Mississippi Central train. The different kinds of damages flowing from the one cause of action may be ascertained and recovery had therefor under the declaration in the case.

The judgment of the lower court is reversed and the case remanded.

*Reversed and remanded.*

ON SUGGESTION OF ERROR.

ETHRIDGE, J.

Each of the defendants filed a suggestion of error to the former opinion in this case. Each insisted that the declaration did not state a cause of action against the Bonhomie & Hattiesburg Southern Railroad Company.

Sept., 1926]   Brown *v.* Miss. Cent. R. Co.          341

144 Miss.]          On Suggestion of Error.

As stated in the former opinion, the declaration is crudely and inartistically drawn, but we think that it does state a cause of action against each of the railroads involved. It is alleged in the declaration that the Mississippi Central Railroad had operated its trains over this line of road from Hattiesburg to Mobile under some arrangement with the Gulf, Mobile & Northern Railroad which owned the track in question under some arrangement between that Road and the Mississippi Central Road. It alleges that litigation was pending over the right of the Mississippi Central to so use it at the time of the injury alleged in the declaration. It is further alleged that the line of the Mississippi Central was connected with this other line by a connecting track. It must be taken to be true that the arrangement was approved by the Interstate Commerce Commission, or that it was lawful for it to so use it, and that either expressly or tacitly the Interstate Commerce Commission had approved the arrangement.

It is further alleged that this track was nailed or spiked down so as to prevent this connection, and that both roads, that is, both defendants, were undertaking, in violation of law and the rights of the complainant, to operate their trains over this line, in opposite directions, in a manner calculated to inflict injury.

The case of *A. & V. R. R. Co.* v. *Jackson & Eastern R. R. Co.*, 136 Miss. 726, 101 So. 553, referred to in the suggestion of error, is not applicable here, because in that case no physical connection had been made theretofore, and no trains had been operated from one line onto the other, whereas in this case the declaration shows that the Mississippi Central had operated its trains over this line under an arrangement so to do, and that litigation was pending in the courts to settle whether or not it had the right so to do. When rights are being litigated in the courts, it is not proper, but is unlawful and grossly

improper, to undertake to resort to physical force to as-
sert rights.

It is error to assume that a railroad which is affected
with the public interest stands in the same situation as
a private individual or private corporation unaffected
by public interest to do as it pleases with its property.
It certainly would be a novel doctrine to hold that, where
two railroads had contracted, and had litigation to deter-
mine the effect of their contract, one could sever the con-
nection of connecting tracks, and use force to prevent
their being used by the other who claimed rights under
the contract and was seeking to enforce those rights in
court.

If the facts of their respective intendments as set
forth in the declaration are true, it is manifest that the
plaintiff had a right of action against each of the roads.
Section 512, Hemingway's Code (section 729, Code of
1906) provides:

"The declaration shall contain a statement of the facts
constituting the cause of action, in ordinary and concise
language, without repetition; and if it contain sufficient
matter of substance for the court to proceed upon the
merits of the cause, it shall be sufficient; and it shall not
be an objection to maintaining any action that the form
thereof should have been different."

It is true that, where a pleading is doubtful, or where
it is susceptible of two constructions, the court will con-
strue it most strongly against the pleader, and it is also
true that attorneys drafting pleadings should be careful
and painstaking in getting the facts before the court in
appropriate legal language, but the section above re-
ferred to imposes upon the court the duty of proceeding
with the cause and giving appropriate relief, if the facts
state a cause of action, and this whether the declaration
be skillfully drawn or not. We must give effect to the
pleading where it contains sufficient matter to state a
cause of action, and we think the declaration here states
the cause of action as against each of the defendants.

*Suggestion of error overruled.*